Filed 7/14/25  P. v. Turner CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN DEON TURNER,<br><br>        Defendant and Appellant. | B340129<br><br>(Los Angeles County<br>Super. Ct. No. TA128118-01) |

APPEAL from orders of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Steven Deon Turner's petition for resentencing under Penal Code[1] section 1172.75. We affirm.

## BACKGROUND

On September 20, 2013, Steven Deon Turner pled no contest to possession of a firearm by a felon (count 1) and carrying a loaded unregistered handgun (count 2). He also admitted one prior strike conviction, and a prior prison commitment in exchange for the court's indicated sentence of five years suspended. On November 7, 2013, the trial court imposed the midterm of two years in prison on count one, doubled pursuant to section 1170.12, subdivision (a)–(d) plus one more year imposed for the prior prison commitment. The court imposed the identical sentence on count 2 to run concurrently with the sentence on count 1. The aggregate sentence was five years. The court suspended execution of the sentence and placed Turner on formal probation for three years on the condition that he spend 374 days in the county jail, a time served sentence.

Nine months later, on May 22, 2014, the People charged Turner in a new case (case No. TA132992) with shooting at an occupied motor vehicle, possession of a firearm by a felon, possession of ammunition, and resisting a peace officer. On July 23, 2014, a jury convicted Turner of the four offenses; Turner stipulated to his felony convictions.

---

[1] Undesignated statutory references are to the Penal Code.

2

On October 10, 2014, Turner stipulated to violating probation in case number TA128118 based on his convictions in new case number TA132992. The trial court then revoked probation and imposed the previously suspended five-year prison sentence and ran the five years concurrent with the sentence in the new case.

In the new case (case No. TA132992), Turner was sentenced to 20 years eight months in state prison. The sentence was to run concurrent with the sentence in case number TA128118.

On October 18, 2022, Turner filed a petition for resentencing pursuant to sections 1172.7 and 1172.75. Only case number TA128118 is written on the petition. The petition asked the court to recall and resentence Turner because the one-year sentence for the prior prison term was legally invalid under Senate Bill No. 483.

On January 9, 2023, in case number TA132992, Turner in propria persona filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1). He attached documentation showing that he successfully participated in vocational, educational or work assignments for a sustained period while incarcerated and was involved in employment and educational positions of masonry, painting, food and beverage, inmate day labor, library clerk, and dining.

On February 7, 2023, Turner asked that the two resentencing petitions for the two separate cases be heard together. The trial court granted his request. That same day the People filed opposition to Turner's motions in both cases. The People opposed vacating the prison prior in case number TA128118 because Turner had already completed his five-year

sentence in that matter. The People opposed granting relief in case number TA132992 because the one-year prison prior sentences had been stayed under section 654.

On March 14, 2023, Turner filed a reply to the People's opposition as to both case numbers. On May 7, 2024, Turner filed another resentencing memorandum as to both case numbers.

On July 10, 2024, in case number TA132992, the trial court read and considered the case file and resentenced Turner to 20 years four months in state prison. It declined to strike the five-year enhancement pursuant to section 667, subdivision (a) because Turner was on probation in case number TA128118 when he committed the offenses in case number TA132992. The court struck the one-year stayed sentences for Turner's prior felony convictions per section 667.5, subdivision (b).

That same day, in case number TA128118, the trial court struck the one-year sentence for the prison prior pursuant to section 667.5, subdivision (b). Turner timely filed a notice of appeal which names only case number TA128118 as the subject of the appeal.

We appointed counsel to represent Turner on appeal. On April 8, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us that they had written to Turner that he may file a supplemental brief with the court within 30 days and that if he does not do so, the court would dismiss his appeal as abandoned. Counsel also stated they had sent Turner transcripts of the record on appeal and a copy of the brief.

On May 12, 2025, Turner filed a supplemental brief contending: 1) in case number TA132992, he was sentenced on the base count (count 1) to the midterm of five years, which, when doubled would be a sentence of 10 years, not 14 years as

4

stated in the abstract of judgment; 2) a violation of the Racial Justice Act has occurred because his appellate counsel filed a no issue brief on his behalf, contrary to the trial court's statement that "The Defendant falls within the meaning of spirit of the law, to be resentenced."

Turner timely appealed, but he included only case number TA128118 as the case under appeal.

## DISCUSSION

We assume, for purposes of the discussion, that this appeal was intended to include issues arising from case number TA132992 and the omission of this case number from the Notice of Appeal was inadvertent.

### A. The Record Shows the Court Imposed the High Term on Count 1 in Case Number TA132992

The Reporter's Transcripts of the original sentencing and resentencing on count 1 in case number TA132992 show that the sentencing judges imposed the high term of seven years, doubled to 14 years, on count 1 both times. At the original sentencing, the trial court stated, "The jury found the defendant guilty of count 1, a violation of Penal Code section 246 [and] shooting at [an] occupied motor vehicle. The court imposes the high term sentence of 7 years. The reason or reasons the court selects the high term include, 1, the crime involved threats of great bodily harm since the defendant shot at an occupied vehicle in the middle of the street on Easter Sunday morning while there were people around; 2, the defendant was armed with a weapon at the time of the commission of the crime; 3, the defendant's prior convictions as an adult are numerous and display an increasing seriousness. His conduct shows a pattern of criminal behavior;

5

4, the defendant has served several prior prison terms; specifically, the defendant has served two separate prior prison commitments for four felony convictions; 5, the defendant's prior performance on probation is unsatisfactory, and he was on formal probation at the time he committed these offenses with a suspended state prison sentence. See Rule[s] of Court, rule 4.421. There are no factors in mitigation. [¶] The court found true the defendant's prior serious and violent felony conviction in case No. TA072845, and under Penal Code section 1170.12, the court doubles the previously announced term for a total of 14 years."

At resentencing, the trial court stated, "As to case TA132992, probation is denied. As to count 1, the court will cite the high term of 7 years in state prison; this is pursuant to Penal Code section 117.75, subdivision [(d)(4)], as well as the fact the defendant was on probation at the time the offense was committed."

The minute orders also reflect a sentence of seven years doubled to 14 years at both sentencing and resentencing, as do the abstracts of judgment. Turner is mistaken in his recollection of the proceedings.

## B. The Record Does Not Support a Racial Justice Act Violation

Turner contends his appellate counsel abandoned him without cause by filing a no issue brief because the resentencing judge stated on the record that he deserved to have his sentence reduced. That is not exactly what Judge Coen stated. He stated, "I realize I do have discretion in regards to striking strike prior convictions. I do not feel that the defendant falls outside the sphere of the strike law, based upon the prior convictions recent

and the fact that defendant was on probation at the time the offense was committed. That term will be doubled for a term of 14 years in state prison." The record does not support Turner's contention that his counsel acted with racial animus when he filed a no-issue brief in this appeal.

We decline Turner's request that we conduct an independent review of the record. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

## DISPOSITION

The orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

RUBIN, J.[*]

---

[*]     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7